IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN PENA, et al.,<br><br>Defendants. | Case No. 22-cv-00158-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

Before the Court is a motion to dismiss for lack of subject matter jurisdiction by Defendants Martin Pena and Sara Pena (collectively, Pena). See Mot. (dkt. 14). Pena argues that Plaintiff Orlando Garcia lacks standing for injunctive relief because a CASp inspector has found that the barriers that allegedly violated the Americans with Disabilities Act (ADA) have been removed. The Court ordered the parties to schedule a site inspection and file declarations as to whether the barriers exist. Pena declares that Garcia's counsel did not bring a CASp inspector to the site inspection and did not dispute that the barriers have been removed. Dkt. 20. Garcia's counsel declined to file a declaration at all. The Court finds oral argument unnecessary and GRANTS Pena's motion to dismiss.

**I.  BACKGROUND**

Garcia is a California resident who "suffers from Cerebral Palsy" and uses a wheelchair for mobility. See Compl. (dkt. 1) ¶ 1. Martin and Sara Pena own Pena Meat & Food Market, a store in Redwood City, California. Id. ¶¶ 2-3.

Garcia alleges that he went to Pena's store three times in December 2021, but was deterred because Pena had failed to provide "wheelchair accessible paths of travel in conformance with the ADA Standards," as the paths sometimes narrowed to less than 36

1    inches. Id. ¶¶ 8, 11-12. Garcia also alleges that Pena failed to "provide wheelchair
2    accessible sales counters in conformance with the ADA Standards" because "there was not
3    enough clear floor space." Id. ¶¶ 16-17. Garcia alleges that he plans to return to the store
4    to avail himself of its goods in the future. Id. ¶ 25.
5    　　　　On January 10, 2022, Garcia filed this lawsuit, alleging violations of the Americans
6    with Disabilities Act of 1990 (ADA) and the California Unruh Civil Rights Act. See id. at
7    5-7. Pena immediately employed CASp inspector Roberto Cortez to determine what
8    barriers existed and then remediate them. Mac Bride decl. (dkt. 14-1) ¶ 5. On the Cortez's
9    return on February 15, he found that all barriers had been removed. Id. ¶¶ 5-6; Cortez
10   decl. (dkt. 14-2) ¶ 6-14. On February 24, Pena informed Garcia that "all barriers to access
11   alleged in the complaint have been removed" and offered to pay legal fees incurred to date.
12   Mac Bride decl. ¶ 8 & Ex. 1. On February 28, Pena filed this motion to dismiss.
13   　　　　In his opposition, Garcia suggested that dismissal would be premature because a
14   site inspection date had not occurred. Opp. (dkt. 16) at 3 & n.2. The Court therefore
15   ordered the parties to schedule this site inspection and file declarations with the Court by
16   April 12 as to "what occurred at the site inspection and whether the barriers still exist."
17   Order (dkt. 17). On April 12, Pena filed the required declaration as to what occurred at the
18   inspection. Dkt. 20. Garcia declined to do so.

## II.    LEGAL STANDARD

20   　　　　"If the court determines at any time that it lacks subject-matter jurisdiction, [it] must
21   dismiss the action." Fed. R. Civ. P. 12(h)(3). A party can challenge subject matter
22   jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the
23   complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. See
24   Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant
25   initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of
26   subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's
27   allegations." Id. The plaintiff "must present affidavits or any other evidence necessary to
28   satisfy its burden that the court, in fact, possesses subject matter jurisdiction." St. Clair v.

1  City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

2  Standing for injunctive relief requires a "real and immediate threat of repeated injury." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004). A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998) (citations omitted). Therefore, in an ADA case seeking injunctive relief, the "voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); see, e.g., Johnson v. 1082 El Camino Real, LP, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018).

When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss. Johnson v. Techbusiness Resources, LLC, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020). A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the defendant bears the burden of establishing mootness, see In re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir. 1997), it must "affirmatively demonstrate" that there is no genuine dispute that the relevant accessibility barriers no longer exist. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

**III.   DISCUSSION**

    **A.   The ADA Claim**

This Court lacks jurisdiction because Pena has affirmatively demonstrated that there is no material dispute as to whether the barriers exist. See Johnson v. Blackburn, 2022 WL 425489 (N.D. Cal. Feb. 11, 2022) (Breyer, J.) (dismissing a similar ADA case on a similar ground). Pena has presented ample factual evidence that all ADA barriers have been removed. Mac Bride decl. ¶¶ 5-6; Cortez decl. ¶ 6-14. Although Garcia had the benefit of a site inspection to dispute these facts, he did not do so, nor did he even file the declaration

3

ordered by this Court. See St. Clair, 880 F.2d at 201. Because the two alleged barriers have been fully remediated, Garcia faces no "real and immediate threat of repeated injury." Fortyune, 364 F.3d at 1081. And the doctrine of voluntary cessation does not apply here because the barriers—noncompliant paths of travel and sales counters—were structural. See Blackburn, 2022 WL 425489 at *4 (because "structural modification[s] undo the offending conduct," it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to occur in the future" (quoting Johnson v. Opa Campbell LP, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021)).

### B. Unruh Act Claim

Having dismissed Garcia's sole federal law claim, the only remaining claim is his claim under California's Unruh Act. Supplemental jurisdiction is discretionary. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997), see 28 U.S.C. § 1367(a). "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." Techbusiness, 2020 WL 7013596, at *3 (citations omitted); see, e.g., Blackburn, 2022 WL 425489 at *4. The Court declines to exercise supplemental jurisdiction over the Unruh Act claim here because "it would not further the interest of judicial economy, convenience, fairness and comity." Techbusiness, 2020 WL 7013596, at *3 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Pena's motion to dismiss for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: April 18, 2022

CHARLES R. BREYER
United States District Judge